HLD-024                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-2520
_____

IN RE: BRENT WEBBER,
                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:26-cv-03003)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 16, 2026

Before: CHAGARES, *Chief Judge,* HARDIMAN, and RESTREPO, *Circuit Judges*

(Opinion filed: July 29, 2026)
_____

OPINION[*]
_____

PER CURIAM

        Pro se petitioner Brent Webber seeks a writ of mandamus.  Because he has not

demonstrated that he is entitled to such relief, we will deny his petition.

        In March 2026, Webber initiated a lawsuit in New Jersey state court against SAG-

AFTRA, Sean Astin, and various unidentified defendants.  The named defendants

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

removed the case to federal court, after which Webber moved for remand. Webber also filed a motion for injunctive relief in March 2026, which he withdrew less than two weeks later. After a Magistrate Judge issued a report recommending the denial of Webber's motion to remand in May 2026, Webber filed objections, but they were not entered on the docket until June 16, 2026. In the meantime, noting that it appeared that no objections had been filed, the District Court issued an order adopting the Magistrate Judge's report on June 9, 2026. Webber filed another motion seeking injunctive relief, which was docketed on June 8, 2026, and remains pending. Webber has since filed numerous additional documents in the District Court.

On June 17, 2026, Webber filed a mandamus petition in this Court. He requests that we: (1) grant his motion for injunctive relief that is pending in the District Court regarding assets that he asserts are owed to him; (2) vacate the District Court's order adopting the Magistrate Judge's report, as he asserts that he timely filed objections that the District Court failed to consider; (3) hold a trial regarding contract enforceability; (4) remand the matter to state court; (5) direct the District Court to "remedy Petitioner's unequal electronic filing . . . access"; (6) stay District Court proceedings pending a decision on his mandamus petition; (7) "enjoin[] the defendants, their counsel, and any associated third parties from transferring, dissipating, or moving" the funds that are at issue in this case; and (8) order the production of "an industry-standard clearance letter and Notice of Compliance" from defendants. Mandamus Pet. at 26-28; Suppl. Mandamus Pet. at ECF p. 11.

The District Court has since entered an order regarding Webber's motion to vacate and his objections to the Magistrate Judge's report and recommendation; it again adopted the recommendation to deny Webber's motion to remand after noting his objections. Webber has supplemented his mandamus petition to request that we vacate that order.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (citation modified).

Because Webber has other means of obtaining the relief he seeks, we decline to order the extraordinary remedy of mandamus relief. First, Webber has filed motions in the District Court requesting: (1) injunctive relief regarding the funds at issue; (2) a trial; and (3) production of a clearance letter and notice of compliance from defendants. Webber appears to ask that we rule directly on these requests rather than ordering the District Court to issue rulings on them, but we have full confidence that the District Court will promptly address Webber's pending motions. *Cf. Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996) (explaining that a writ of mandamus may be warranted where a district court's "undue delay is tantamount to a failure to exercise jurisdiction").

Next, Webber makes several requests that he could pursue elsewhere. It does not appear that he has moved for injunctive relief in the District Court to prevent defendants from moving relevant funds during the litigation. Regarding his electronic filing access, he has already moved for relief in the District Court, which was denied without prejudice to Webber's ability to make the appropriate application with the District Court Clerk's Office. However, Webber has not explained whether he has sought this assistance, stating only that he has been unable to get PACER access because he needs to receive physical mail to activate his account but does not have a physical address. Accordingly, he has not shown that he lacks other means to obtain the relief he seeks in these two requests.

Next, Webber may raise on appeal any issues regarding the District Court's denial of his motion to remand and his motion to vacate, making mandamus relief inappropriate. *See Green v. America Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003) (reviewing the denial of a motion to remand); *see also In re Kensington Int'l Ltd.*, 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."); *Madden*, 102 F.3d at 77 (explaining that mandamus is not a substitute for an appeal). Finally, we deny Webber's request for a stay of District Court proceedings pending the outcome of his petition. We express no opinion on the merits of Webber's requests.

Accordingly, we will deny Webber's petition.

4